UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD S. CALDERON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant/Respondent. | No. 2:13-cv-02358-TLN-EFB<br><br>**ORDER DISMISSING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND REQUEST FOR SANCTIONS** |

This matter is before the Court pursuant to Plaintiff Ronald Calderon's ("Plaintiff") Motion for Order to Show Cause (ECF No. 1) and Motion to Transfer (ECF No. 9). The Court has carefully considered the arguments raised in each of Plaintiff's motions, as well as Defendant United States' ("Defendant") oppositions. For the reasons set forth below, Plaintiff's Motion for Order to Show Cause (ECF No. 1) is dismissed without prejudice and Plaintiff's Motion to Transfer is dismissed as moot (ECF No. 9).

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On May 3, 2013, Defendant sought a search warrant for the office of Ronald Calderon from Magistrate Judge Newman in the Eastern District of California. (2:13-sw-00291-KJN, ECF No. 1.) In support of its application, Defendant attached an FBI affidavit detailing allegations against Plaintiff. (2:13-sw-00291-KJN, ECF No. 1.) The Magistrate Judge then sealed the

1 contents of the case at the request of Defendant. (2:13-sw-00291-KJN, ECF No. 3.) On
2 November 13, 2013, Plaintiff filed the instant motion, alleging that Defendant leaked the sealed
3 FBI affidavit to the media and asking this Court to issue an order to Defendant to show cause that
4 it was not the source of the leak. (ECF No. 1.) Plaintiff also requested that this Court issue
5 sanctions against Defendant if the Court found either the FBI or the Assistant United States
6 Attorney to be the source of the leak. (ECF No. 1.) Defendant filed an opposition to Plaintiff's
7 motion. (ECF No. 6.)

8       On February 20, 2014, Plaintiff was indicted on substantially the same allegations put
9 forth in the sealed FBI affidavit. (Motion to Transfer, ECF No. 9 at 3.) Subsequently, Plaintiff
10 filed a motion to transfer his pending motion to the Central District of California, where the
11 related criminal action is proceeding against him, on the grounds that it provided a more
12 appropriate venue. (ECF No. 9.) Defendant opposes the transfer of the instant motion and
13 instead seeks dismissal of the action. (ECF No. 10.) This order addresses both of Plaintiff's
14 motions.

15 **II.  ANALYSIS**

16       This Court cannot rule on this action as submitted due to the ambiguity of the claims at
17 issue. If this action was intended as a civil complaint, Plaintiff fails to adequately state any claim
18 upon which relief could be granted. Fed. R. Civ. Pro. 12(b)(6). If this action was intended as a
19 motion for sanctions on the basis of a violation of the Federal Rules of Criminal Procedure,
20 Plaintiff has failed to indicate under which rule or rules he brings his claim and why the claim is
21 properly heard in civil court. For these reasons, this Court must dismiss this action with leave to
22 amend so that Plaintiff may submit a properly styled motion in the court of his choosing.

23       Plaintiff's Motion for Order to Show Cause was filed as a complaint separate from both
24 the Defendant's request to seal the FBI affidavit and the criminal action pending in the Central
25 District. (ECF No. 1.) Plaintiff argues that, after the FBI affidavit was sealed in Defendant's
26 action for a search warrant, the document was leaked to the media. (ECF No. 1 at 4.) Plaintiff
27 asserts that the source of the leak could have only come from the FBI or the Assistant United
28 States Attorney – Central District of California, which were the only parties with access to the

2

FBI operation against Plaintiff.  (ECF No. 1 at 4.)  Plaintiff argues that the leak was an "attempt[ ] to convict Senator Calderon in the press through an illegal disinformation campaign."  (ECF No. 1 at 7.)  Plaintiff argues that this leak has caused him irreparable harm.  (ECF No. 1 at 8–9.)

In his pleadings, Plaintiff fails to clearly identify under which procedural mechanism he seeks an order to show cause and sanctions.  (ECF No. 1.)  He argues that leaking sealed records is illegal under 18 U.S.C.A. § 1509, Obstruction of Court Orders, and 18 U.S.C.A. § 1513, Retaliating Against a Witness [or] an Informant.  (ECF No. 1 at 10–11.)  However, he does not bring a complaint under these statutes.  Plaintiff also states that the leak of the pre-indictment records violates Fed. R. Crim. Proc. 49.1 and Local Rule 141.  (ECF No. 1 at 11.)  In support of these arguments, Plaintiff cites a variety of supporting case law, much of which refers to cases wherein a party has brought a motion under Fed. R. Crim. Proc. 6(e).  (ECF No. 1 at 10–13.)  Yet Plaintiff does not explain why these allegations of violations of the Federal Rules of Criminal Procedure are properly brought as a civil action.

The issue is only further confused by subsequent pleadings.  In response to Plaintiff's motion to transfer this action to the Central District (ECF No. 9), Defendant filed an opposition.  (ECF No. 10.)  Defendant argues that Plaintiff: 1) failed to establish subject matter jurisdiction and 2) failed to plead any claims that would waive Defendant's sovereign immunity.  (ECF No. 10.)  Defendant clearly construes Plaintiff's motion as a complaint, arguing that Plaintiff fails to allege elements of a claim necessary to bring an action against a sovereign entity.  (ECF No. 10 at 5.)  Plaintiff responds by asserting that this Court does have subject matter jurisdiction under the Federal Tort Claims Act ("FTCA"), but entirely fails to explain how the action filed would constitute such a claim.  (Reply to Government's Opposition, ECF No. 13 at 2–4.)  Thus, it remains unclear to this Court which procedural mechanism Plaintiff intends to use to bring his claim.  Therefore, this Court cannot rule on the motion or on whether it should be transferred.

### III.  CONCLUSION

If Plaintiff intended to bring a claim under Fed. R. Crim. Proc. 49.1, 6, or any other rule, he must do so in conjunction with his criminal proceeding.  *See, e.g. U.S. V. Calderon*, CR14-103-CAS, 2014 WL 1401941 (C.D. Cal. April 8, 2014) (granting the United States' motion for

protective order under Federal Rule of Criminal Procedure 6(e)).  Therefore, this motion is hereby dismissed without prejudice so that it may be brought in the proper forum.  If Plaintiff intended to bring a civil complaint under the Federal Tort Claims Act, his pending motion is inadequate and will be dismissed without prejudice so that Plaintiff may amend his complaint and file it in the appropriate jurisdiction of his choice.  Accordingly, Plaintiff's Motion for Order to Show Cause (ECF No. 1) is DISMISSED with leave to amend.  Plaintiff's Motion to Transfer is DISMISSED as moot.

IT IS ORDERED.

Dated:  November 25, 2014

Troy L. Nunley
United States District Judge